**GLADSTONE WEISBERG, ALC**
LEON GLADSTONE (SBN 70967)
lgladstone@gladstoneweisberg.com
ANTHONY DIPIETRA (SBN 235994)
adipietra@gladstoneweisberg.com
300 Corporate Pointe, Suite 400
Culver City, CA 90230
Tel: (310) 821-9000 • Fax: (310) 943-2764

Attorneys for Proposed Intervenor Garry Kief

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STILETTO TELEVISION, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HASTINGS, CLAYTON & TUCKER, INCORPORATED, a Nevada corporation, dba STILETTO ENTERTAINMENT; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO. 2:18-cv-03911 DSF (PLAx)<br><br>**UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[Declarations of Anthony DiPietra and Ryan Lapine Filed Concurrently Herewith] |

60273 20190411 Motion to Intervene.docx                 1

**UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE DALE S. FISCHER AND ALL ATTORNEYS of RECORD:

PLEASE TAKE NOTICE THAT that Proposed Intervenor Garry Kief ("Kief") will and hereby does apply *ex parte* for an order allowing him to intervene in this lawsuit for the limited purpose of bringing a motion to disqualify Pierce Bainbridge Beck Price & Hecht ("Pierce Bainbridge") as counsel of record for Plaintiff Stiletto Television, Inc. ("STV").

This application is made on the grounds that a disqualifying and unwaivable conflict of interest exists that prevents Pierce Bainbridge from representing STV. Kief, as the individual with standing to assert the conflict of interest on STV's behalf, should be granted leave to intervene in this action because Pierce Bainbridge has elected to continue representing parties with adverse interests despite being disqualified from representing STV in two presently pending state court lawsuits. Because Pierce Bainbridge knowingly represented and continues to represent parties with conflicting interests, Pierce Bainbridge must be disqualified from representing STV.  Because of timing concerns and the gravity of the ethical issues involved, the Court should address these issues on an expedited basis and grant this application to intervene on an *ex parte* basis. The Court also should issue orders deeming the proposed Motion to Disqualify and the Index of Evidentiary Exhibits that are concurrently filed herewith as Exhibits E and F filed as of the date it grants this application, and set a hearing on the motion.

Counsel has met and conferred with Pierce Bainbridge. Pierce Bainbridge advised counsel that the firm does not oppose the ex parte application for Kief to intervene in this action for the purposes of bringing the motion to disqualify, although it reserves its rights to oppose the underlying motion to disqualify.

This application is based on this application, the attached memorandum of points and authorities, the concurrently filed Declarations of Ryan Lapine and

60273 20190411 Motion to Intervene.docx   2

**UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Anthony DiPietra and exhibits thereto, the concurrently filed proposed Motion to Disqualify and Index of Evidentiary Exhibits in Support thereof, and upon such other evidence and argument as the Court may consider at the hearing on this application.

DATED: April 11, 2019    GLADSTONEWEISBERG, ALC

By:_____
    Leon Gladstone, Esq.
    Anthony DiPietra, Esq.
Attorneys for Proposed Intervenor Garry Kief

# TABLE OF CONTENTS

1.    INTRODUCTION ................................................................................................. 1

2.    KIEF SHOULD BE GRANTED LEAVE TO INTERVENE UNDER RULE 24 .............. 2

3.    THE COURT SHOULD ALLOW KIEF TO INTERVENE ON AN *EX PARTE* BASIS BECAUSE EXIGENT CIRCUMSTANCES EXIST THAT WARRANT THE EXPEDITED RESOLUTION OF THE MOTION TO DISQUALIFY .................... 5

4.    CONCLUSION .................................................................................................... 6

60273-20190411 Motion to Intervene.docx     i

**UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## 1. INTRODUCTION

Proposed Intervenor Garry Kief ("Kief") respectfully requests that the Court issue an order allowing him to intervene in this action so that he can protect his rights, and those of Plaintiff Stiletto Television, Inc. ("STV"). The law firm of Pierce Bainbridge Beck Price & Hecht continues to violate its ethical obligations by representing STV in this matter, knowing the firm has been disqualified from representing STV in two state court lawsuits because of a conflict of interest between STV and Pierce Bainbridge's other clients. Kief should be permitted to intervene as a matter of right under Rule 24 because he is the only individual with standing to assert the conflict of interest to move to disqualify counsel. This *ex parte* application is not opposed.[1]

On March 1, 2019, the Los Angeles Superior Court expressly found that Pierce Bainbridge's conflict of interest prevented it from concurrently representing STV and two of its officers/directors, Mark Grove and Troy Queen. As a result, the Court issued orders disqualifying Pierce Bainbridge and instructed STV to obtain new counsel. Ex. A, Order on Motion to Disqualify; Ex. B, Order on Motion to Disqualify.

Notwithstanding the disqualification orders and the existing conflicts, Pierce Bainbridge refuses to unconditionally withdraw from representing STV in this matter. Instead, as discussed in the Declaration of Ryan M. LaPine, Pierce Bainbridge has insisted on seeking tactical advantages in exchange for withdrawing *i.e.* an extension of previously expired deadlines and a continuance of

---

[1] Counsel has met and conferred with Pierce Bainbridge. Pierce Bainbridge advised counsel that the firm does not oppose the ex parte application for Kief to intervene in this action for the purposes of bringing the motion to disqualify, although it reserves its rights to oppose the underlying motion to disqualify. Ex. D, Email from Janice Cohen.

the trial. Pierce Bainbridge cannot be allowed to use its disqualifying conflict to gain a tactical advantage in this lawsuit.

Accordingly, Kief respectfully requests that the Court issue an Order allowing him to intervene for the limited purpose of addressing the ethical issues arising out of the conflict of interest that Pierce Bainbridge has with regard to STV. He has standing to assert the conflict of interest and standing to move to disqualify the firm. As such, he should be allowed to intervene for the limited purpose of moving to disqualify counsel. Intervention for this limited purpose is generally permitted.

## 2. KIEF SHOULD BE GRANTED LEAVE TO INTERVENE UNDER RULE 24

Rule 24(a) of the Federal Rules of Civil Procedure provides that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

F.R.C.P. 24(a).

An application under Rule 24 is proper if: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

60273 20190411 Motion to Intervene.docx        2

**UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

"[T]he requirements for intervention are broadly interpreted in favor of intervention." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). "In evaluating whether these requirements are met, courts are guided primarily by practical and equitable considerations." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). The Ninth Circuit applies a liberal policy in favor of intervention to ensure both efficient resolution of issues and broadened access to the courts. *Id.* at 397-98.

Kief meets all of the foregoing requirements.

As set forth in the concurrently filed motion to disqualify, Kief is a part owner of STV. Ex. E, Kief Declaration at ¶¶ 3-6. He has standing to assert the corporation's rights under California law and to move to disqualify Pierce Bainbridge. *Blue Water Sunset, LLC v. Markowitz*, 192 Cal. App. 4th 477 (2011). In fact, under the circumstances, he is the only individual that can consent to the conflict of interest – something that he has not done and will not do. *Id.*

Courts generally allow parties to intervene for the purpose of filing a motion to disqualify because the party's standing to bring the underlying motion establishes that there is a protectable interest that the court must address. *See, e.g. Multimedia Patent Trust v. Apple, Inc.*, 2011 U.S. Dist. LEXIS 46237, at *1 (S.D. Cal. April 29, 2011); *Friskit, Inc. v. RealNetworks, Inc.*, 2007 U.S. Dist. LEXIS 51774, at *1 (N.D. Cal. July 5, 2007).

Thus, as the shareholder with standing to bring the motion to disqualify, Kief has a substantial protectable interest that in this action. Indeed, unless intervention is allowed, the rights of STV cannot be protected since its existing counsel refuses to withdraw even knowing that a conflict exists.

This motion is timely. The Los Angeles Superior Court issued the orders disqualifying Pierce Bainbridge on March 1, 2019. Ex. A, Order on Motion to Disqualify; Ex. B, Order on Motion to Disqualify.

Under California law, an attorney cannot concurrently represent clients with

adverse interests.  The fact that another court already has disqualified Pierce Bainbridge from representing STV in two separate actions, necessarily means that Pierce Bainbridge is continuing to violate ethical rules prohibiting adverse concurrent representation by representing STV in this matter. *Del Campo v. Mealing*, 2011 U.S. Dist. LEXIS 158019, at *1 (N.D. Cal. Sept. 29, 2011). It is irrelevant whether this action has any similarities with the other actions in which Pierce Bainbridge was disqualified.  *Id; see also Fujitstu Ltd. v. Belkin Int'l, Inc.*, 2010 U.S. Dist. LEXIS 138407, at *1 (N.D. Cal. Dec. 22, 2010) (emphasis added). The automatic disqualification rule applies even in a wholly unrelated matter. *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 105 F. Supp. 3d 1100 (E.D. Cal. 2015).

Accordingly, unless the Court permits Kief to intervene for the limited purpose of moving to disqualify Pierce Bainbridge, neither his nor STV's rights can be protected. The existing parties do not have standing to assert the conflict of interest and cannot protect the interests that Kief seeks to address.[2] Thus, intervention is necessary to protect both Kief's and STV's rights.

Kief has concurrently filed herewith as an Exhibits E and F the proposed Motion to Disqualify, and the Index of Evidentiary Exhibits in Support of the Motion to Disqualify, which Kief asks that the Court deem filed as of the date of the order granting him leave to intervene and to set a hearing on the motion to disqualify.

---

[2] Although STV could theoretically bring the same motion, Pierce Bainbridge's refusal to withdraw necessarily means that STV cannot and will not assert the conflict. Kief, therefore, must be allowed to intervene to raise the conflict.

60273 20190411 Motion to Intervene.docx   4

**UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

### 3. THE COURT SHOULD ALLOW KIEF TO INTERVENE ON AN *EX PARTE* BASIS BECAUSE EXIGENT CIRCUMSTANCES EXIST THAT WARRANT THE EXPEDITED RESOLUTION OF THE MOTION TO DISQUALIFY

An *ex parte* application is appropriate where the circumstances require extraordinary relief on an expedited basis. See *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *Ex parte* applications should be granted where the interests of the applicant "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.*

*Ex parte* relief also is proper where the applicant is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Securities and Exchange Com'n v. Private Equity Management Group, LLC*, 2009 U.S. Dist. LEXIS 47811, 2009 WL 1463439, *1 (C.D. Cal. May 18, 2009) (citing *Mission Power*, 883 F. Supp. at 492).

Here, Kief files this application on an *ex parte* basis because the circumstances warrant immediate resolution of the underlying motion to disqualify. Two courts orders were issued last month by the Los Angeles Superior Court disqualifying Pierce Bainbridge from representing STV. After those orders were issued, Kief promptly met and conferred with Pierce Bainbridge, asking the firm to voluntarily withdraw in this action. However, Pierce Bainbridge refused to do so unconditionally.

As set forth in the concurrently filed declaration of Ryan Lapine, Pierce Bainbridge has refused to withdraw unless the parties agree to revival of expired deadlines in this case and unnecessarily prolonging the time needed to prepare this case for trial by another firm.

The Court, therefore, should grant this *ex parte* application because of the gravity of the ethical issues involved, and the timing. The District Courts have

primary responsibility for ensuring compliance with state laws by the attorneys who practice before them, which means that "[w]henever an allegation is made that an attorney has violated his moral and ethical responsibility," it is "the duty of the district court to examine the charge." *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996). This includes situations where a motion to disqualify is brought by an intervenor with standing to object to the firm's representation. *Alzheimer's Inst. Of Am. V. Elan Corp.*, 2011 U.S. Dist. LEXIS 147471, at *1 (N.D. Cal. Dec. 22, 2011) (addressing a motion to disqualify by an intervenor).

The Court should address Pierce Bainbridge's ethical violations as quickly as possible because of the pending trial date. Pierce Bainbridge cannot be allowed to represent STV at trial because of their disqualifying conflict of interest. Yet, with trial scheduled in July, STV's interests could be prejudiced if the underlying motion is not heard on an expedited basis. Kief, therefore, respectfully requests that the Court grant this application to intervene *ex parte*.

## 4.   CONCLUSION

For the foregoing reasons, Kief respectfully requests that the Court enter an order allowing him to intervene in this action so that the Court can address the underlying motion to disqualify Pierce Bainbridge as counsel of record for STV.

DATED: April 11, 2019          GLADSTONEWEISBERG, ALC


By: _____
     Leon Gladstone, Esq.
     Anthony DiPietra, Esq.
Attorneys for Proposed Intervenor Garry Kief