# EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/01/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Daisy Vallin, Deputy |
| PLAINTIFF/PETITIONER:<br>Gary Kief | |
| DEFENDANT/RESPONDENT:<br>Stiletto Television, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>BC716123 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Janine Felicia Cohen
Pierce Bainbridge Beck Price & Hecht LLP
600 Wilshire Blve
Ste. 500
Los Angeles, CA 90017

Ronald Anthony DiPietra
GladstoneWeisberg, ALC
13355 Noel Rd Ste 1100
Dallas, TX 75240

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/5/2019          By: Daisy Vallin
                              Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibit A - 000002

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 51

| | |
|---|---|
| **BC716123** | March 1, 2019 |
| **GARY KIEF VS STILETTO TELEVISION INC ET AL** | 8:30 AM |

Judicial Officer: None  
Judicial Assistant: Daisy Vallin  
Courtroom Assistant: None  

CSR: None  
ERM: None  
Deputy Sheriff: None  

---

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

---

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 02/27/2019, now rules as follows: The Motion to Disqualify Counsel filed by Gary Kief on 11/21/2018 is Granted in Part.

Pierce Bainbridge Beck Price & Jecht, LLP is disqualified from representing Defendant STV, but may continue representing Defendants Mark C. Grove and Troy P. Queen.

Status Conference is scheduled for 04/03/2019 at 08:30 AM in Department 51 at Stanley Mosk Courthouse.

The Court having further taken the Demurrer to First Amended Complaint under submission on 02/27/2019, now rules as follows:

Defendants' Demurrer to First Amended Complaint is OVERRULED as to the second, third, fourth, fifth, sixth, eighth, and ninth causes of action, and SUSTAINED with leave to amend as to the seventh cause of action.

The Orders titled "Ruling Re Motion to Disqualify Counsel" and "Ruling Re: Demurrer to First Amended Complaint" are signed and filed this date and incorporated herein by reference. Copies of said orders are mailed to plaintiff.

Plaintiff to give notice.

Certificate of Mailing is attached.

---

Minute Order                                                                 Page 1 of 1

Superior Court of California

County of Los Angeles

Department 51

**FILED**
Superior Court of California
County of Los Angeles

MAR 01 2019

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
   Daisy G. Vallin

| | |
|---|---|
| GARRY KIEF, | Case No.: BC716123 |
| Plaintiff, | Hearing Date: 2/27/19 |
| v. | **RULING RE:** |
| STILETTO TELEVISION, INC., et al., | |
| Defendants. | Motion to Disqualify Counsel |

Background

This action arises from a dispute between the shareholders of Stiletto Television, Inc. ("STV") with respect to the company's financial affairs and its continuing operations as a company. STV was formed by Plaintiff Garry Kief ("Plaintiff") and Defendants Mark C. Grove ("Grove") and Troy P. Queen ("Queen") in 2004 for the purpose of producing television shows for distribution on television cable networks. Plaintiff alleges that Grove and Queen approved self-interested transactions and effectively froze him out of the company.

On August 1, 2018, Plaintiff Garry Kief ("Plaintiff") filed a verified complaint against Defendants STV, Grove, and Queen for (1) involuntary dissolution under Corporations Code §§ 1800, et seq.; (2) removal of directors under Corporations Code § 304; (3) accounting; (4) judicial determination as to the validity of board and shareholder elections under Corporations Code § 709; and (5) injunctive relief.

On September 5, 2018, Plaintiff filed a First Amended Complaint ("FAC") for (1) involuntary dissolution under Corporations Code §§ 1800, et seq.; (2) removal of directors under Corporations Code § 304; (3) accounting; (4) judicial determination as to the validity of board and shareholder elections under Corporations Code § 709; (5) breach of fiduciary duty; (6) return of unlawful distributions in violation of Corporations Code § 500; (7) breach of contract; (8) common count for money lent; and (9) injunctive relief.

On September 7, 2018, the Court found that this action was related to BC591642 ("*Kief I*") and deemed BC591642 the lead case.

On October 31, 2018, dismissal without prejudice was entered as to the first cause of action for involuntary dissolution.

On November 21, 2018, Plaintiff filed the instant motion to disqualify counsel. Defendants filed opposition papers on December 7, 2018. Plaintiff filed reply papers on February 5, 2019.

The Court considered the moving, opposition, and reply papers, and oral argument.

Legal Standard

"'A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" Ontiveros v. Constable (2016) 245 Cal.App.4th 686, 694 (quoting People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc. (1999) 20 Cal.4th 1135, 1145 (quoting Code Civ. Proc., § 128(a)(5))). "'[D]isqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility.'" Id. at 694-95. "'The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar.'" Id. at 695. "'The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process.'" Id.

"In evaluating alleged conflicts, a court first looks to whether the challenged representation is concurrent or successive." Id. "The 'primary value' at issue in concurrent 'or dual representation is the attorney's duty—and the client's legitimate expectation—of *loyalty* . . . .'" Id. (quoting Flatt v. Superior Court (1994) 9 Cal.4th 275, 284) (emphasis in original). "'The most egregious conflict of interest is representation of clients whose interests are directly adverse in the same litigation.'" Id. (quoting SpeeDee, supra, 20 Cal.4th at 1147). "'Such patently improper dual representation suggests to the clients—and to the public at large—that the attorney is completely indifferent to the duty of loyalty and the duty to preserve confidences.'" Id. "'However, the attorney's actual intention and motives are immaterial, and the rule of automatic disqualification applies.'" Id.

"'Where the potential conflict is one that arises from the *successive* representation of clients with potentially adverse interests, the courts have recognized that the chief fiduciary value jeopardized is that of client *confidentiality*.'" Id. (quoting Flatt, supra, 9 Cal.4th at 283) (emphasis in original). "'Thus, where a former client seeks to have a previous attorney disqualified from serving as counsel to a successive client in litigation adverse to the interests of the first client, the governing test requires that the client demonstrate a '*substantial relationship*' between the subjects of the antecedent and current representations.'" Id. (emphasis in original). "'Where the requisite substantial relationship between the subjects of the prior and the current representations can be demonstrated, access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is *presumed* and disqualification of the attorney's representation of the second client is mandatory . . . .'" Id. at 696.

Motion to Disqualify Counsel

Plaintiff moves to disqualify Pierce Bainbridge Beck Price & Hecht, LLP ("Pierce Bainbridge") as counsel of record for Defendants STV, Grove, and Queen.

*Conflict of Interests*

Plaintiff argues that Pierce Bainbridge should be automatically disqualified because it cannot represent both STV and Grove and Queen when the derivative claims asserted by Plaintiff on behalf of STV are based on Grove and Queen's wrongful acts and omissions.

Counsel may not represent both a corporation and its directors and officers in a shareholder derivative or dissolution action where the directors and officers are alleged to have committed misconduct, such as fraud or mismanagement of the corporation. See Ontiveros, supra, 245 Cal.App.4th at 696; La Jolla Cove Motel & Hotel Apartments, Inc. v. Superior Court (2004) 121 Cal.App.4th 773, 785-86.

Here, Plaintiff has asserted derivative claims against Grove and Queen based on their alleged misconduct in self-dealing and mismanaging STV. As STV is the real plaintiff on these derivative claims and stands to benefit if Plaintiff prevails on these derivative claims, STV's interests are adverse to Grove and Queen's with respect to the alleged $40 million of damages Grove and Queen purportedly caused by mismanaging STV and engaging in misconduct, including wrongfully paying themselves certain amounts of money as deferred compensation. Based on this, the Court finds that an actual conflict of interest exists between STV on one hand and Grove and Queen on the other, precluding Pierce Bainbridge from representing both STV and Grove and Queen.

*Merits of Derivative Claims*

In opposition, Defendants argue there is no conflict because Plaintiff's derivative claims are invalid because the derivative claims are duplicative and subject to abatement, Kief lacks standing to bring the derivative claims on behalf of STV, and Kief's derivative claim for breach of fiduciary duty is barred by the statute of limitations. Defendants' arguments are unavailing. Defendants' arguments go to the merits of Plaintiff's derivative claims. This is irrelevant when determining whether a conflict exists warranting disqualification of counsel. Defendants have failed to provide any legal authority showing otherwise.

Defendants also assert that the derivative claims were asserted in bad faith and frivolous such that they should not serve as a basis for disqualification. Defendants go on to argue that Kief does not have STV's interests at heart as Kief himself stands accused of stealing from and looting STV in *Kief I*. The fact that Kief is also accused of misconduct against STV in *Kief I* does not necessarily mean Kief does not have STV's interests at heart in bringing the derivative claims in this action. Defendants' contention that this action is also an example of Kief's bad faith tactics is also unavailing as Kief has brought this action after conducting discovery in *Kief I*. Without actual evidence that Kief is in fact engaged in bad faith in asserting the derivative claims in this action, the Court cannot exercise its equitable discretion in declining to disqualify counsel in this case.

*Waiver*

Defendants also argue that Plaintiff has waived his right to seek disqualification by failing to bring this motion in a timely manner.

"'[A]ttorney disqualification can be impliedly waived by failing to bring the motion in a timely manner.'" Ontiveros, supra, 245 Cal.App.4th at 701 (quoting Liberty Nat. Enterprises, L.P. v. Chicago Title Ins. Co. (2011) 194 Cal.App.4th 839, 844). "However, to result in a waiver, the 'delay [and] . . . the prejudice to the opponent must be extreme.'" Id. "Factors relevant to the reasonableness of a delay include the 'stage of litigation at which the disqualification motion is made' and the complexity of the case." Id. "Delay can also be 'an indication that the alleged breach of confidentiality was not seen as serious or substantial by the moving party,' and can suggest 'the possibility that the party brought the motion as a tactical device to delay litigation.'"

Id. "'If the opposing party makes a prima facie showing of extreme delay and prejudice, the burden then shifts to the moving party to justify the delay.'" Id. (quoting Fiduciary Trust Internat. of California v. Superior Court (2013) 218 Cal.App.4th 465, 490).

Defendants have failed to show extreme delay. Defendants focus on the fact that Kief is seeking to disqualify counsel for the parties three years after *Kief I* was filed and that a summary judgment motion has already been filed in *Kief I* and trial had been set for January 2019 until recently. While *Kief I* is related to the instant action, the relevant inquiry here is the current stage of this instant action. At this point, the pleadings are not yet final, given Defendants' demurrer to FAC, and trial has yet to be set. Based on this, there is no extreme delay in bringing this motion. See Ontiveros, supra, 245 Cal.App.4th at 702 (finding no extreme delay when the pleadings were not yet final, discovery was still in progress, and no trial date had been set).

Defendants argue that Kief cannot claim that his delay was not unreasonable based on this action being filed in August 2018 as Kief knew of the facts giving rise to his claims in this action for years. However, the allegations in the FAC indicate that the claims asserted in this action were brought based on recent deposition testimony disclosing Grove and Queen's receipt of "deferred salary" payments. FAC, ¶ 18. According to Kief's evidence, these depositions were conducted in April, May, and June of 2018. Plaintiff's Index of Exhibits in Support of Motion to Disqualify, Exs. B-D. Thus, to the extent the derivative claims are based on these allegedly wrongful deferred salary payments, it appears that there was no delay in bringing the claims after such discovery.

Even assuming arguendo that Defendants demonstrated extreme delay, Defendants have failed to demonstrate extreme prejudice. Defendants argue that loss of their counsel would represent an extreme and under hardship and require "exorbitant cost and delay" and "loss of significant expertise." Opposition, p. 14: 4-7. This argument is still premised on the time and money expended in *Kief I*, not this action. Even if the Court considers the time and money expended in *Kief I*, Defendants have failed to present any evidence to support their arguments. In any event, given that the Court is allowing Pierce Bainbridge to continue representing Grove and Queen, as discussed below, any such prejudice to Grove and Queen would be mitigated. See Ontiveros, supra, 245 Cal.App.4th at 702 (finding prejudice with respect to time and money spent on educating counsel would be mitigated by the court's ruling in allowing counsel to continue representing the shareholders); Gong v. RFG Oil, Inc. (2008) 166 Cal.App.4th 209, 217 (finding that "any prejudice in terms of attorney fees expended for trial preparation can be ameliorated by disqualifying counsel only as to the corporation). As for STV, the Court finds that because of the existence of a conflict of interest, STV would not suffer extreme prejudice in losing Pierce Bainbridge as counsel.

*Continued Representation of Defendants Grove and Queen*

Defendants argue that should the Court find an actual conflict exists such that Pierce Bainbridge cannot represent both STV and Grove and Queen, Pierce Bainbridge may continue to represent Grove and Queen.

An attorney may continue representing the shareholders after a court disqualifies counsel as to the corporation. See Ontiveros, supra, 245 Cal.App.4th 686, 699-701. This is based on the rationale that continuing representation of shareholders after disqualification as to the corporation is akin to a successive representation scenario in which the shareholders are the current clients and the corporation is the former client. Id. (discussing the rationale set forth in

Forrest v. Baeza (1997) 58 Cal.App.4th 65 and applied in Blue Water Sunset, LLC v. Markowitz (2011) 192 Cal.App.4th 477). In such a situation, the concern about confidential information requiring disqualification of an attorney's successive representation of the second client is irrelevant because the counsel's relationship with the corporation was based solely on his interactions with the jointly represented shareholders such that it was "impossible to conceive of confidential information counsel could have received from the corporation that is different from the information he received from the jointly represented shareholders." Id. Therefore, "where 'the functioning of the corporation has been so intertwined with the individual defendants that any distinction between them is entirely fictional, and the sole repositories of corporate information to which the attorney has had access are the individual clients, application of the 'former client' rule would be meaningless.'" Id. (quoting Forrest, supra, 58 Cal.App.4th at 82).

Here, Kief, Queen, and Grove are STV's only shareholders. Queen and Grove are directors who provide services to STV and are currently in control of the board. Based on this, it appears Queen and Grove on the one hand and STV on the other are so intertwined that no confidential information counsel could have received from STV that is different from the information counsel received from Grove and Queen. Based on this, Pierce Bainbridge's continued representation of Grove and Queen poses no threat to counsel's continuing duty of confidentiality to STV. See Ontiveros, supra, 245 Cal.App.4th at 700. Plaintiff has failed to show otherwise. To the extent Plaintiff is asserting that Pierce Bainbridge cannot continue representing Queen and Grove because of the duty of loyalty, this is inapposite given the duty of loyalty is the proper focus on concurrent representation while the duty of confidentiality is the proper focus on successive representation, which is the applicable standard when determining whether counsel can continue representing shareholders after being disqualified from representing the corporation. See id. at 700-01.

Conclusion

Plaintiff's motion to disqualify Pierce Bainbridge Beck Price & Hecht, LLP as counsel of record for Defendants STV, Grove, and Queen is GRANTED IN PART. Pierce Bainbridge Beck Price & Hecht, LLP is disqualified from representing Defendant STV, but may continue representing Defendants Mark C. Grove and Troy P. Queen.

Plaintiff to give notice.

Dated: **MAR 0 1 2019**

Dennis J. Landin
Judge of the Superior Court

Superior Court of California

County of Los Angeles

Department 51

**FILED**
Superior Court of California
County of Los Angeles

**MAR 01 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Daisy G. Vallin

GARRY KIEF,

    Plaintiff,

v.

STILETTO TELEVISION, INC., et al.,

    Defendants.

Case No.: BC716123

Hearing Date: 2/27/19

**RULING RE:**

Demurrer to First Amended Complaint

Background

This action arises from a dispute between the shareholders of Stiletto Television, Inc. ("STV") with respect to the company's financial affairs and its continuing operations as a company. STV was formed by Plaintiff Garry Kief ("Plaintiff") and Defendants Mark C. Grove ("Grove") and Troy P. Queen ("Queen") in 2004 for the purpose of producing television shows for distribution on television cable networks. Plaintiff alleges that Grove and Queen approved self-interested transactions and effectively froze him out of the company.

On August 1, 2018, Plaintiff Garry Kief ("Plaintiff") filed a verified complaint against Defendants STV, Grove, and Queen for (1) involuntary dissolution under Corporations Code §§ 1800, et seq.; (2) removal of directors under Corporations Code § 304; (3) accounting; (4) judicial determination as to the validity of board and shareholder elections under Corporations Code § 709; and (5) injunctive relief.

On September 5, 2018, Plaintiff filed a First Amended Complaint ("FAC") for (1) involuntary dissolution under Corporations Code §§ 1800, et seq.; (2) removal of directors under Corporations Code § 304; (3) accounting; (4) judicial determination as to the validity of board and shareholder elections under Corporations Code § 709; (5) breach of fiduciary duty; (6) return of unlawful distributions in violation of Corporations Code § 500; (7) breach of contract; (8) common count for money lent; and (9) injunctive relief.

On September 7, 2018, the Court found that this action was related to BC591642 and deemed BC591642 the lead case.

On October 31, 2018, dismissal without prejudice was entered as to the first cause of action for involuntary dissolution.

On November 13, 2018, Defendants STV, Grove, and Queen (collectively "Defendants") filed the instant demurrer to FAC. Plaintiff filed an opposition on January 24, 2019. Defendants filed a reply on January 30, 2019.

The Court considered the moving, opposition, and reply papers, and rules as follows.

Request for Judicial Notice

In support of their reply, Defendants request judicial notice of the Notice of Motion and Motion to Stay Pending the Dissolution of *Stiletto Television, Inc.*, and the Fourth Amended Complaint for Damages filed in *Garry Kief v. Mark Grove, et al.*, LASC Case No. BC591642 ("*Kief I*"). Defendants' request is GRANTED.

Demurrer

A demurrer may be sustained where the complaint fails to state facts sufficient to constitute a cause of action. Code Civ. Proc., § 430.10(e). Thus, concerning the legal sufficiency of a pleading, the sole issue on demurrer is whether the facts pleaded, if true, state a valid cause of action, i.e., if the complaint pleads facts that would entitle the plaintiff to relief. Garcetti v. Superior Court (1996) 49 Cal.App.4th 1533, 1547; Limandri v. Judkins (1997) 52 Cal.App.4th 326, 339. The question of plaintiff's ability to prove the allegations of the complaint or the possible difficulty in making such proof does not concern the reviewing court. Quelimane Co. v. Stewart Title Guaranty Co. (1998) 19 Cal.4th 26, 47. The ultimate facts alleged in the complaint must be deemed true, as well as all facts that may be implied or inferred from those expressly alleged. Marshall v. Gibson, Dunn & Crutcher (1995) 37 Cal.App.4th 1397, 1403; see also Shields v. County of San Diego (1984) 155 Cal.App.3d 103, 113 (stating, "[o]n demurrer, pleadings are read liberally and allegations contained therein are assumed to be true"). Nevertheless, this rule does not apply to allegations expressing mere conclusions of law, or allegations contradicted by the exhibits to the complaint or by matters of which judicial notice may be taken. Vance v. Villa Park Mobilehome Estates (1995) 36 Cal.App.4th 698, 709. Leave to amend must be allowed where there is a reasonable possibility of successfully stating a cause of action. Schulz v. Neovi Data Corp. (2007) 152 Cal.App.4th 86, 92.

Additionally, a special demurrer to a complaint may be brought on the ground the pleading is uncertain, ambiguous, or unintelligible. Code Civ. Proc., § 430.10(f); Beresford Neighborhood Assn. v. City of San Mateo (1989) 207 Cal.App.3d 1180, 1191. A demurrer based on uncertainty is disfavored and will be strictly construed even when the pleading is uncertain in some respects. Khoury v. Maly's of California, Inc. (1993) 14 Cal.App.4th 612, 616. A demurrer for uncertainty may be sustained when a defendant cannot reasonably determine to what he or she is required to respond. For example, when a plaintiff joins multiple causes of action as one, fails to properly identify each cause of action, or fails to state against which party each cause of action is asserted if there are multiple defendants, a complaint is uncertain. Williams v. Beechnut Nutrition Corp. (1986) 185 Cal.App.3d 135, 139, n.2.

If the demurrer is sustained, plaintiff "has the burden of proving the possibility of cure by amendment." Czajkowski v. Haskell & White, LLP (2012) 208 Cal.App.4th 166, 173 (quoting Grinzi v. San Diego Hospice Corp. (2004) 120 Cal.App.4th 72, 78-79 (internal quotations omitted)).

Defendant STV's Standing to Demur

Plaintiff argues that Defendant STV lacks standing to file this demurrer because it is the real party in interest.

"[A] nominal defendant corporation generally may not defend a derivative action filed on its behalf." Patrick v. Alacer Corp. (2008) 167 Cal.App.4th 995, 1005. "[T]he corporation has no ground to challenge the merits of a derivative claim filed on its behalf and from which it stands to benefit." Id.

Here, a review of the claims in the FAC shows that the only claims upon which STV clearly does not have standing to demur to are the fifth and sixth causes of action as these are clearly derivative claims. FAC, ¶¶ 6, 65, 75, 81, 92. Therefore, the Court will construe the demurrer to the fifth and sixth causes of action as only brought by Defendants Grove and Queen.

Plea in Abatement

Defendants demur to the second through ninth causes of action in the FAC on grounds that there is another action pending between the same parties for the same causes of action pursuant to CCP section 430.10(c).[1]

CCP section 430.10(c) provides that a demurrer may be brought on grounds that "[t]here is another action pending between the same parties on the same cause of action." Code Civ. Proc., § 430.10(c). A plea in abatement requires absolute identity of parties, causes of action, and remedies sought. Plant Insulation Co. v. Fibreboard Corp. (1990) 224 Cal.App.3d 781, 788. Whether the causes of action are identical involves a comparison of the facts alleged to determine the nature of the invasion of plaintiff's primary right. Bush v. Superior Court (1992) 10 Cal.App.4th 1374, 1384. A plea in abatement may only be maintained where a judgment in the first action would be a complete bar to the second action. Plant Insulation Co., supra, 224 Cal.App.3d at 787-88. A plea in abatement is generally disfavored. Williams v. State of California (1976) 62 Cal.App.3d 960, 964. "Where a demurrer is sustained on the ground of another action pending, the proper order is not a dismissal, but abatement of further proceedings pending termination of the first action." Plant Insulation Co., supra, 224 Cal.App.3d at 788; see Branson v. SunDiamond Growers (1994) 24 Cal.App.4th 327, 335 n.2.

The Court finds that the instant action and *Kief I* do not involve identical parties. *Kief I* involves claims brought by Kief, in his individual capacity as a shareholder and as trustee of the Fitzgerald-Bouvier Family Trust, and STE. RJN, Ex. 2. This action was brought by Kief in his individual capacity as a shareholder and also on behalf of STV. While the two actions may share Kief as a party in terms of his individual capacity as a shareholder, they do not share identity with respect to any other parties. *Kief I* involves STE, who is not a plaintiff in this action. Furthermore, as discussed above, the fifth and sixth causes of action are derivative claims.[2] The real party in interest for these derivative claims is STV. Patrick v. Alacer Corp. (2008) 167

---

[1] Dismissal was entered as to the first cause of action on October 31, 2018.
[2] In reply, Defendants argue that the derivative claims fail because collateral estoppel bars Kief from pursuing the derivative claims and derivative and direct shareholder claims are mutually exclusive such that the same alleged wrong cannot form the basis of both a direct shareholder action and a derivative action. Both of these arguments are premised on the Court's finding in overruling a demurrer in *Kief I* that the claims brought by Kief were direct shareholder claims rather than derivative claims. Neither party has properly requested judicial notice of the demurrer in *Kief I* and court's order on demurrer. The Court thus cannot consider the demurrer and court order that is the subject of Defendants' argument. Furthermore, a court's ruling on a demurrer is necessarily premised on the allegations in the complaint. The Court's ruling that Kief's claims, as pled, constituted direct shareholder claims rather than derivative claims does not preclude Kief from asserting derivative claims if these claims are properly pled. In terms of mutual exclusivity of direct and derivative claims, this depends on an actual finding regarding whether the claims are direct or derivative claims. A court's ruling on a demurrer based on the allegations does not constitute the necessary determination on the merits for mutual exclusivity to apply.

to allege whether these loans were written, oral, or implied by conduct.

Therefore, the demurrer to the seventh cause of action is SUSTAINED with leave to amend.

Conclusion

Defendants' demurrer to FAC is OVERRULED as to the second, third, fourth, fifth, sixth, eighth, and ninth causes of action, and SUSTAINED with leave to amend as to the seventh cause of action.

~~Defendants~~ Plaintiff to give notice.

Dated: MAR 0 1 2019

Dennis J. Landin
Judge of the Superior Court