# EXHIBIT C

Exhibit C - 000001

# Gladstone Weisberg ALC

300 Corporate Pointe
Suite 400
Culver City, CA 90230
tel 310.821.9000
GladstoneWeisberg.com

March 28, 2019

<u>*VIA EMAIL ONLY*</u>

John Pierce
Carolynn K. Beck
Maxim Price
Pierce Bainbridge Beck Price & Hecht
600 Wilshire Blvd, Suite 500
Los Angeles, CA 90017

Re: <u>**Preservation of Evidence Demand**</u>
<u>**Meet and Confer Re: Motions to Disqualify**</u>

*Stiletto Television, Inc. v. Hastings, Clayton & Tuckers, Inc., et al.*
USDC Case No. 2:18-cv-03911
*ANV Syndicate 1861 at Lloyd's v. Stiletto Television, Inc.*
LASC Case No. BC720768
Our File No.: 60273

Dear Counsel:

    We write to raise our client's objections to your continuing representation of Stiletto Television, Inc. ("STV"). The Los Angeles Superior Court expressly found that Pierce Bainbridge Beck Price & Hecht ("Pierce Bainbridge") had a conflict of interest that prevented it from representing STV in two separate state court lawsuits. The Court has disqualified Pierce Bainbridge from representing STV because of that conflict, and ordered STV to obtain new counsel.

    Notwithstanding those orders, Pierce Bainbridge continues to represent STV in the lawsuits referenced above despite the ethical duties imposed by California law. Pierce Bainbridge cannot continue to do so. The disqualification order necessarily establishes that Pierce Bainbridge has an existing conflict that requires it to withdraw. As discussed below, it is irrelevant whether the lawsuits involve similar issues.

Exhibit C - 000002

John Pierce
Carolynn K. Beck
Maxim Price
March 28, 2019
Page 2

    Garry Kief does not and will not waive the Pierce Bainbridge conflict.  We, therefore, ask that you voluntarily withdraw as counsel for STV in all matters. Please advise us whether Pierce Bainbridge will voluntarily withdraw as counsel in these matters no later than Tuesday, April 2, 2019. If you fail to do so, our office will move to intervene and have you disqualified in both cases.

    Additionally, this letter serves to place Pierce Bainbridge on notice of STV's claims against it. Under California law, any fee agreement with a law firm that represents a client in the face of a conflict of interest is unenforceable as a matter of public policy. Compensation paid to the firm also may be subject to forfeiture.

- ***Stiletto Television, Inc. v. Hastings, Clayton & Tuckers, Inc., et al.***

    The court orders on the motions to disqualify prevent Pierce Bainbridge from representing STV in any pending matters. To the extent that Pierce Bainbridge believes its representation of STV in the federal court action is permissible because the issues may differ, there is no legal basis for that position.

    California law prohibits counsel from concurrently representing parties with adverse interests, even if the representation involve different lawsuits on unrelated issues. Given that a Los Angeles Superior Court judge found that a conflict exists that called for disqualification, Pierce Bainbridge must comply with its ethical obligations and withdraw from this lawsuit as well.

    As the District Court found in *Del Campo v. Mealing*, 2011 U.S. Dist. LEXIS 158019, at *1 (N.D. Cal. Sept. 29, 2011), an order disqualifying counsel from representing a party in one case necessarily requires that counsel be disqualified from representing that same party in another case, even if the other lawsuit is wholly unrelated. "[S]uch a conclusion follows necessarily" from the automatic disqualification rules articulated by the California Supreme Court. *Id.*

    To the extent Pierce Bainbridge believes otherwise, we note that the same conclusion has been reached in a plethora of cases, *i.e.* disqualification does not depend on whether the actions are related. *See, e.g. Western Sugar Coop. v. Archer-Daniels-Midland Co.*, 98 F. Supp. 3d 1074 (C.D. Cal. 2015) (holding that it is presumed that a law firm breaches the duty of loyalty and should be automatically disqualified, even when the

Exhibit C - 000003

John Pierce
Carolynn K. Beck
Maxim Price
March 28, 2019
Page 3

concurrent representation occurs in two wholly unrelated matters); *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 105 F. Supp. 3d 1100 (E.D. Cal. 2015) (same).

      Our client will not allow Pierce Bainbridge to continue representing STV while it represents Grove and Queen. Pierce Bainbridge only continues to represent Grove and Queen because the firm specifically asked for permission to continue to represent these individuals if it was disqualified. Pierce Bainbridge elected to take sides in the dispute between its clients, and cannot faithfully represent STV any longer.

      We expect that you will do what is required by the law and withdraw. We do not understand why you have not already done so.

- ***ANV Syndicate 1861 at Lloyd's v. Stiletto Television, Inc.***

      We also demand that Pierce Bainbridge withdraw from representing STV in the pending coverage lawsuit with ANV Syndicate 1861 at Lloyd's. The principles above prevent Pierce Bainbridge from continuing to represent STV in this lawsuit as well.

      We note the coverage litigation separately because we wish to ask why STV is even litigating the case. Under California law, the coverage action is subject to a stay. It is inexplicable that Pierce Bainbridge filed a counterclaim on STV's behalf, and seeks to litigate the case, presumably knowing that STV does not have to incur the costs of litigating that case at this juncture. STV should have moved to stay the entire lawsuit to avoid incurring attorneys' fees and costs.

      We will discuss STV's rights to recover all the unnecessary fees and costs charged by Pierce Bainbridge in this lawsuit separately with the board of directors.[1] For now, we demand that Pierce Bainbridge withdraw as counsel for STV. Pending its withdrawal, we suggest that Pierce Bainbridge move to stay the action on behalf of Grove and Queen.

- ***Notice of Action Against Pierce Bainbridge and Preservation Demand***

      Please be advised that STV has claims against Pierce Bainbridge for violating its ethical duties and representing STV in the face of a known conflict. Even if Pierce

---

[1] We will be raising Grove's and Queen's unnecessary expenditures on STV's behalf in a separate letter that will be directed to STV's board of directors since a demand that they file suit against Pierce Bainbridge will be made shortly.

Exhibit C - 000004

John Pierce
Carolynn K. Beck
Maxim Price
March 28, 2019
Page 4

Bainbridge argues that it previously had a legitimate basis for deciding that no conflict existed that argument is now moot. The Los Angeles Superior Court has expressly ruled on the issue, dismissing the arguments you raised.

  We are currently evaluating the claims that STV has against Pierce Bainbridge. The California Supreme Court has held that a law firm's fee agreement is void and unenforceable as a matter of public policy where a conflict, such as the one present here, exists. *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.,* 6 Cal. 5th 59 (2018). Additionally, under California law, an attorney who engaged in a clear violation of his or her ethical duties can be subject to forfeiture of all compensation paid.

  We will be addressing those claims via a separate letter addressed to the board of directors so that we can determinate whether STV will bring the action at their direction, or whether Mr. Kief will have to bring the action in STV's name.

  For now, Pierce Bainbridge has been placed on notice of the claims. Demand is made that Pierce Bainbridge take immediate actions to preserve all documents and information (including, without limitation, electronically stored data) relating to its representation of STV, including all communications, internal and external, concerning the representation. Because we understand Pierce Bainbridge exclusively uses the instant-messaging app Slack to communicate internally, we demand that Pierce Bainbridge immediately take steps to archive and/or maintain a complete and accurate copy of all communications sent or received through that platform relating to STV.

  Please feel free to give us a call if you wish to discuss this matter in greater detail. Otherwise, please confirm no later than next Tuesday, April 2, 2019, that Pierce Bainbridge will comply with the demands set forth in this letter.

        Regards,

        Anthony DiPietra

Exhibit C - 000005