# EXHIBIT E

LEON GLADSTONE (SBN 70967)
lgladstone@gladstoneweisberg.com
ANTHONY DIPIETRA (SBN 235994)
adipietra@gladstoneweisberg.com
**GLADSTONE WEISBERG, ALC**
300 Corporate Pointe, Suite 400
Culver City, CA 90230
Tel: (310) 821-9000 • Fax: (310) 943-2764

Attorneys for Plaintiff Garry Kief

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GARRY KIEF, an individual,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>STILETTO TELEVISION, INC., A California Corporation, MARK C. GROVE, an individual, TROY P. QUEEN, an individual, and DOES 1-25, inclusive,<br><br>　　　　　Defendants. | **CASE NO. BC716123**<br><br>Judge: Hon. Samantha Jessner<br>Dept.: 31<br><br>**DECLARATION OF GARRY KIEF IN SUPPORT OF MOTION FOR: (1) AN ORDER COMPELLING INVOLUNTARY DISSOLUTION UNDER CORPORATIONS CODE § 1800, *et seq.*; (2) REMOVAL OF DIRECTORS UNDER CORPORATIONS CODE §§ 304 AND 1806; (3) APPOINTMENT OF A BOARD TO WIND UP AFFAIRS; AND (4) INJUNCTIVE RELIEF**<br><br>Date Action Filed: 8/1/2018<br><br>**RES ID: 180810339231**<br><br>DATE: September 11, 2018<br>TIME: 8:30 a.m.<br>DEPT: 31 |

60273

1

**DECLARATION OF GARRY KIEF IN SUPPORT OF MOTION FOR AN ORDER OF DISSOLUTION UNDER CORPORATIONS CODE § 1800, *et. seq.***

Exhibit E -000002

# DECLARATION OF GARRY KIEF

I, Garry Kief, hereby declare as follows:

1. I am the Plaintiff in this matter. I have personal, first-hand knowledge of the facts set forth below, and if called to testify, I could and would competently testify as to the truth of the following matters.

2. I submit this declaration in support of Plaintiff's Motion for: (1) an Order Compelling Dissolution Under Corporations Code § 1800, *et. seq.*; (2) Removal of Directors Under Corporations Code §§ 304 and 1806; (3) Appointment of a Board to Wind Up Affairs; and (4) Injunctive Relief.

3. Defendant Stiletto Television, Inc. ("STV") is a California corporation that I formed in 2004 with Defendants Mark Grove ("Grove") and Troy Queen ("Queen"). The purpose for the formation of STV was to engage in business in the entertainment industry by, among other things, producing television shows for distribution on television cable networks.

4. When STV was formed, Grove, Queen and I each received 1/3 of the shares in STV, and each of us was appointed to serve as a director on STV's board of directors, which was comprised of three directors.

5. As of this date, Grove, Queen and I continue to own 1/3 of the shares in STV and no additional shares have been issued to any other individual.

6. In September 2014, Grove and Queen called a special meeting of STV's Board of Directors. At that time, Queen was STV's president, and Grove was STV's secretary and treasurer.

7. Prior to the meeting, Grove and Queen had apparently drafted a series of resolutions to be adopted at the meeting as they arrived with drafts of several resolutions that had already been prepared without my knowledge. The resolutions provided, among other things, that STV would move all funds to new bank accounts to which I would have no access and for which the signatories would be Grove and Queen; that, effective October 1, 2014, Grove and Queen each be paid an annual salary of $390,000; and that Grove would be paid an additional $1.2 million in so-called "deferred compensation" for the years 2005 through 2012 (based on

GLADSTONEWEISBERG, ALC

1  $120,000 per year for the years 2005-2008 and $180,000 per year for the years 2009-2012), to be
2  paid in installments at Queen's discretion, without deductions for payroll tax, and for which STV
3  would issue a Form 1099.
4        8.     The resolutions were drafted without my knowledge. Queen brought the
5  resolutions to the meeting, where I objected to the meeting going forward until counsel could be
6  consulted. I then left the meeting but I later discovered that Queen and Grove proceeded with the
7  meeting in my absence to pass the resolutions referenced above.
8        9.     I did not vote on or approve of any of the transactions that Grove and Queen
9  approved for themselves at the meeting that occurred on September 30, 2014.
10       10.    Since September 30, 2014, neither Grove nor Queen have spoken with me about
11 the business affairs of STV. Although they called a "special meeting" on March 4, 2015 when
12 they knew I would be unavailable to attend, and had their lawyer sent me the minutes of the
13 meeting after the fact, that meeting did not address (according to the minutes), any transaction in
14 which they received remuneration since 2014.
15       11.    STV has not conducted an annual meeting of shareholders since 2014, or
16 provided me a copy of any annual reports to the shareholders. Further, STV has not held a vote
17 of the shareholders to elect the board of directors since 2014, even though the bylaws for STV
18 state that a director is to serve only a one-year term.
19       12.    Neither Grove nor Queen have advised me, as a shareholder in STV, of any of the
20 bonuses, compensation packages, or any other transaction in which they received remuneration
21 since 2014. I have never voted to or approved of any financial transaction involving Grove or
22 Queen since 2014.
23       I declare under penalty of perjury that the foregoing is true and correct and that
24 this Declaration was executed on August 10, 2018, at _____, California.

*[signature]*

GARRY KIEF

60273
3
DECLARATION OF GARRY KIEF IN SUPPORT OF MOTION FOR AN ORDER OF DISSOLUTION
UNDER CORPORATIONS CODE § 1800, et. seq.

Exhibit E -000004

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Gladstone Weisberg, ALC, whose business address is: 300 Corporate Pointe, Suite 400, Culver City, California 90230 ("the firm").

On August 13, 2018, I served the within document(s) described as: **DECLARATION OF GARRY KIEF IN SUPPORT OF MOTION FOR: (1) AN ORDER COMPELLING INVOLUNTARY DISSOLUTION UNDER CORPORATIONS CODE § 1800, *et seq.*; (2) REMOVAL OF DIRECTORS UNDER CORPORATIONS CODE §§ 304 AND 1806; (3) APPOINTMENT OF A BOARD TO WIND UP AFFAIRS; AND (4) INJUNCTIVE RELIEF** on the interested parties in this action:

☒  by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

SEE ATTACHED MAILING LIST.

☒  **BY MAIL** (C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 13, 2018, at Culver City, California.

*/s/ Gail J. Bromberg*
GAIL J. BROMBERG

---

60273

4

**DECLARATION OF GARRY KIEF IN SUPPORT OF MOTION FOR AN ORDER OF DISSOLUTION UNDER CORPORATIONS CODE § 1800, *et. seq.***

Exhibit E -000005

## MAILING LIST
## GARRY KIEF, et al. v. MARK C. GROVE, et al. – BC591642

| | |
|---|---|
| John M. Pierce<br>Carolynn K. Beck<br>Maxim Price<br>Pierce Bainbridge Beck Price & Hecht LLP<br>600 Wilshire Boulevard, Suite 500<br>Los Angeles, CA 90017<br>Tel (213) 262-9333<br>john@piercebainbridge.com<br>carolynn@piercebainbridge.com<br>max@piercebainbridge.com | *Attorneys for Defendants*<br><br>MARK C. GROVE and TROY P. QUEEN<br><br>And<br><br>STILETTO TELEVISION, INC. |
| John M. Pierce<br>Pierce Bainbridge Beck Price & Hecht LLP<br>600 Wilshire Boulevard, Suite 500<br>Los Angeles, CA 90017<br>Tel (213) 262-9333<br>john@piercebainbridge.com | *Agent for Service of Process for Defendant*<br><br>STILETTO TELEVISION, INC. |

GLADSTONEWEISBERG, ALC

60273

5

**DECLARATION OF GARRY KIEF IN SUPPORT OF MOTION FOR AN ORDER OF DISSOLUTION UNDER CORPORATIONS CODE § 1800, *et. seq.***

Exhibit E -000006